FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

07 AUG 16 PM 3: 24

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

BERNICE BROWN, as Personal Representative of the Estate of LEVI BROWN; PAUL CHRISTIE, as Personal Representative of the Estate of SHARON CHRISTIE; DOROTHY COPELAND, as Personal Representative of the Estate of ROBERT COPELAND; JUANITA COSTON, as Personal Representative of the Estate of TROY R. COSTON; ALICE COTHERN, as Personal Representative of the Estate of JAMES A. COTHERN; ROBERT DENTON, as Personal Representative of the Estate of LINDA L. DENTON; CATHERINE DILLINGHAM, as Personal Representative of the Estate of WILLIAM DILLINGHAM; SHARON FERNANDEZ, as Personal Representative of the Estate of AURELIO FERNANDEZ; TONY HARRIS, as Personal Representative of the Estate of LINDA HARRIS; NADINE HEAD, as Personal Representative of the Estate of CARSON W. HEAD; JOANNE HEFLIN-GILLIS, as Personal Representative of the Estate of MILTON HEFLIN; PEGGY HICKOX, as Personal Representative of the Estate of BENJAMIN F. HICKOX; ALONZO JOHNSON, as Personal Representative of the Estate of WILLIE P. JOHNSON; MARY JANE MOSCHINI, as Personal Representative of the Estate of GIULIANO P. MOSCHINI; HOLLY MURRAY, as Personal Representative of the Estate of PERRY MURRAY; LORRAINE OLSON, as Personal Representative of the Estate of FLOYD G. OLSON; MINNIE REGISTER, as Personal Representative of the Estate of JIMMY C. REGISTER; JAMES L. SMITH, SR., as Personal Representative of the Estate of WANETTE SMITH; FONATINE WALLACE, as Personal Representative of the Estate of ROBERT E. WALLACE; and ESTER WERTH, as Personal Representative of the Estate of HOWARD WERTH;

   Plaintiffs,

vs.

CASE NO.: 3:07-cv-761-J-20TEM

R.J. REYNOLDS TOBACCO CO., individually and as successor by merger to the BROWN & WILLIAMSON TOBACCO CORPORATION and THE AMERICAN TOBACCO COMPANY, a foreign corporation; and PHILIP MORRIS USA, Inc., a foreign corporation,

   Defendants.
_____/

## COMPLAINT

Plaintiffs, as Personal Representatives of the Estates of decedents, hereby sue the Defendants as follows:

## INTRODUCTION AND GENERAL ALLEGATIONS

1. This is a complaint against the Defendants seeking compensatory and punitive damages in accordance with the Florida Supreme Court's class action decision and mandate in *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006). In approving the *Engle* Phase I class certification and trial, but ordering post Phase I class decertification, the Florida Supreme Court provided this opportunity to complete unresolved individual damages claims. The Court held: "that it was proper to allow the jury to make findings in Phase I on Questions 1 (general causation), 2 (addiction of cigarettes), 3 (strict liability), 4(a) (fraud by concealment), 5(a) (civil-conspiracy-concealment), 6 (breach of implied warranty), 7 (breach of express warranty), and 8 (negligence). Therefore, these findings in favor of the *Engle* class can stand." The Court further held that specified liability and general causation findings by the *Engle* jury did not need to be proved again as they shall be given **res judicata** effect. Consequently, Plaintiffs bring this action upon the limited remaining issues in dispute, *to-wit*: specific causation, apportionment of damages, comparative fault, compensatory damages, entitlement to punitive damages, and punitive damages.

2. Plaintiffs are the Personal Representatives of the Estates of decedents. This action is brought on behalf of these decedents' survivors and Estates. The potential beneficiaries of a recovery in this action and the relationship to the decedents follow Fla. Stat. § 768, *et seq.*

3. Decedents were at all times material residents of the State of Florida, suffering from a tobacco related illness.

4. The Defendants are manufacturers of cigarettes, or their successors/predecessors are manufacturers of cigarettes, and they are foreign corporations doing business in Florida who, at times material to this action, designed, manufactured, advertised, marketed, and sold tobacco products for human consumption which proximately caused injury to Decedents. They are: R. J. Reynolds Tobacco Company, individually and as successor by merger to Brown & Williamson Tobacco

Corporation and The American Tobacco Company; and Philip Morris USA, Inc. All of the foregoing Defendants are Defendants in *Engle*.

5.  Plaintiffs are seeking damages in excess of $75,000.00.

6.  Subject matter jurisdiction is proper, pursuant to 28 U.S.C. § 1332.

7.  Acts giving rise to Plaintiffs' cause of action occurred in the Middle District of Florida. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Middle District of Florida.

8.  **Cigarette Products**. Decedents purchased, smoked, and were addicted to cigarette products manufactured and sold by Defendants which were the subject of *Engle*. They were designed, manufactured, advertised, marketed, and sold by the Defendants at all times material to these claims.

9.  **Common Liability Findings**. Plaintiffs assert the jury findings in the Phase I *Engle* trial which were given **res judicata** effect by the Florida Supreme Court, including but not limited to the following:

    a.  Smoking cigarettes causes aortic aneurysm, bladder cancer, cerebral vascular disease, cervical cancer, chronic obstructive pulmonary disease, coronary heart disease, esophageal cancer, kidney cancer, laryngeal cancer, lung cancer (specifically, adenocarcinoma, large cell carcinoma, small cell carcinoma, and squamous cell carcinoma), complications of pregnancy, oral cavity/tongue cancer, pancreatic cancer, peripheral vascular disease, pharyngeal cancer, and stomach cancer.

    b.  Nicotine is addictive.

    c.  All of the Defendants placed cigarettes on the market that were defective and unreasonably dangerous.

    d.  All of the Defendants concealed or omitted material information not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both.

  e. All of the Defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment.

  f. All of the Defendants sold or supplied cigarettes that were defective.

  g. All of the Defendants were negligent.

  10. As a direct and proximate result of decedents' smoking of Defendants' cigarettes, Decedents suffered bodily injury and died. Defendants' cigarettes caused decedents to develop one or more cigarette-related diseases or medical conditions and one or more of them resulted in or substantially contributed to decedents' death. Plaintiffs claim all damages allowed by the Florida Wrongful Death Act (Fla. Stat. §768). As a direct and proximate result of decedents' deaths, decedents' survivors have and will suffer: mental and emotional pain, and medical, financial, and funeral expenses. Whether part of a wrongful death or survival claim, decedents' cigarette-related illness(es) resulted in their sustaining aggravation of previously existing conditions, physical pain and suffering, mental and emotion distress, medical expenses, and shortened life expectancy. Additionally, spouses of the decedents have suffered the loss of the decedents' love, affection, support, services, protection, companionship, instruction and guidance, including deprivation of the comfort, society and consortium of their spouse. Decedents' Estates have also suffered a loss of net accumulations, earnings, and medical and funeral expenses.

  11. The threshold requirement for pleading punitive damages has been previously met in the *Engle* Phase I proceeding.

### COUNT I – STRICT LIABILITY

  12. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

  13. As a direct and proximate result of Defendants' defective and unreasonably dangerous cigarettes, decedents were injured and died.

  WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT II – BREACH OF EXPRESS WARRANTY

14. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

15. As a direct and proximate result of Defendants' breach of express warranty, decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT III – BREACH OF IMPLIED WARRANTY

16. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

17. As a direct and proximate result of Defendants' breach of implied warranty, decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT IV – CIVIL CONSPIRACY TO FRAUDULENTLY CONCEAL

18. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

19. As a direct and proximate result of Defendants' conspiracy to fraudulently deceive, decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT V – FRAUDULENT CONCEALMENT

20. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

21. As a direct and proximate result of Defendants' fraudulent concealment, decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, punitive damages.

## COUNT VI – NEGLIGENCE

22. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

23. As a direct and proximate result of Defendants' negligence, decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

DATED this 16th day of August, 2007.

WILNER BLOCK, P.A.

/s/ Hartley

Norwood S. "Woody" Wilner
Florida Bar No.: 222194
Stephanie J. Hartley
Florida Bar No.: 0997846
Wilner Block, P.A.
3127 Atlantic Boulevard, Suite 3
Jacksonville, Florida 32207
Telephone: (904) 475-9400
Facsimile:  (904) 391-6895

Charlie Easa Farah, Jr.
Florida Bar No.: 870080
**The Law Firm of Farah & Farah**
10 West Adams Street
Jacksonville, Florida 32202
Telephone: (904) 396-5555
Facsimile:  (904) 358-2424

Michael A. London
Federal Court No.: 7510
**Douglas & London, P.C.**
111 John Street, 14th Floor
New York, New York 10038
Telephone: (212) 566-7500
Facsimile:  (212) 566-7501

*Attorneys for Plaintiffs*