# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

BERNICE BROWN, as Personal Representative of the Estate of LEVI BROWN; PAUL CHRISTIE, as Personal Representative of the Estate of SHARON CHRISTIE; DOROTHY COPELAND, as Personal Representative of the Estate of ROBERT COPELAND; JUANITA COSTON, as Personal Representative of the Estate of TROY R. COSTON; ALICE COTHERN, as Personal Representative of the Estate of JAMES A. COTHERN; ROBERT DENTON, as Personal Representative of the Estate of LINDA L. DENTON; CATHERINE DILLINGHAM, as Personal Representative of the Estate of WILLIAM DILLINGHAM; SHARON FERNANDEZ, as Personal Representative of the Estate of AURELIO FERNANDEZ; TONY HARRIS, as Personal Representative of the Estate of LINDA HARRIS; NADINE HEAD, as Personal Representative of the Estate of CARSON W. HEAD; JOANNE HEFLIN-GILLIS, as Personal Representative of the Estate of MILTON HEFLIN; PEGGY HICKOX, as Personal Representative of the Estate of BENJAMIN F. HICKOX; ALONZO JOHNSON, as Personal Representative of the Estate of WILLIE P. JOHNSON; MARY JANE MOSCHINI, as Personal Representative of the Estate of GIULIANO P. MOSCHINI; HOLLY MURRAY, as Personal Representative of the Estate of PERRY MURRAY; LORRAINE OLSON, as Personal Representative of the Estate of FLOYD G. OLSON; MINNIE REGISTER, as Personal Representative of the Estate of JIMMY C. REGISTER; JAMES L. SMITH, SR., as Personal Representative of the Estate of WANETTE SMITH; FONATINE WALLACE, as Personal Representative of the Estate of ROBERT E. WALLACE; and ESTHER WERTH, as Personal Representative of the Estate of HOWARD WERTH;

      Plaintiffs,

vs.

R.J. REYNOLDS TOBACCO CO., individually and as successor by merger to the BROWN & WILLIAMSON TOBACCO CORPORATION and THE AMERICAN TOBACCO COMPANY, a foreign corporation; PHILIP MORRIS USA, Inc., a foreign corporation; LORILLARD TOBACCO COMPANY, a foreign corporation; and LORILLARD, INC., a foreign corporation,

      Defendants.

_____/

CASE NO.: 3:07-cv-00761

## AMENDED COMPLAINT

Plaintiffs, as Personal Representatives of the Estates of Decedents, hereby sue the Defendants as follows:

### INTRODUCTION AND GENERAL ALLEGATIONS

1. This is a complaint against the Defendants seeking compensatory and punitive damages in accordance with the Florida Supreme Court's class action decision and mandate in *Engle v. Liggett Group, Inc.,* 945 So.2d 1246 (Fla. 2006). In approving the *Engle* Phase I class certification and trial, but ordering post Phase I class decertification, the Florida Supreme Court provided this opportunity to complete unresolved individual damages claims. The Court held: "that it was proper to allow the jury to make findings in Phase I on Questions 1 (general causation), 2 (addiction of cigarettes), 3 (strict liability), 4(a) (fraud by concealment), 5(a) (civil-conspiracy-concealment), 6 (breach of implied warranty), 7 (breach of express warranty), and 8 (negligence). Therefore, these findings in favor of the *Engle* class can stand." The Court further held that specified liability and general causation findings by the *Engle* jury did not need to be proved again as they shall be given **res judicata** effect. Consequently, Plaintiffs bring this action upon the limited remaining issues in dispute, *to-wit*: specific causation, apportionment of damages, comparative fault, compensatory damages, entitlement to punitive damages, and punitive damages.

2. The Florida Supreme Court expressly reserved to class members, including Plaintiffs and their Decedents, the right to bring individual actions against Defendants for smoking-related injuries and damages, including punitive damages. This action is timely because it is brought within one (1) year of the Florida Supreme Court's mandate in *Engle*.

3. Plaintiffs are the Personal Representative for the Estate of the Decedents. Letters of Administration will be forthcoming and filed with the Clerk of this Court. This action is brought on behalf of the Decedent's survivors and Estate. The potential beneficiaries of a recovery in this action and the relationship to the Decedents follow Fla. Stat. § 768, *et seq*.

4. Decedents were at all times material residents of the State of Florida, suffering from a tobacco related illness.

5. The Defendants are manufacturers of cigarettes, or their successors/predecessors are manufacturers of cigarettes, and they are foreign corporations doing business in Florida who, at times material to this action, designed, manufactured, advertised, marketed, and sold tobacco products for human consumption which proximately caused injury to Decedents.

6. Defendant **R.J. REYNOLDS**, individually and as successor by merger to BROWN & WILLIAMSON TOBACCO CORPORATION, individually and as successor by merger to THE AMERICAN TOBACCO COMPANY **("REYNOLDS")**, is a North Carolina corporation that conducts business in the State of Florida, including the county in which this lawsuit is being filed, and did so during all times relevant to this action.

7. Defendant **PHILIP MORRIS-USA, INC. ("PHILIP MORRIS")** is a Virginia corporation that conducts business in the State of Florida, including the county in which this lawsuit is being filed, and did so during all times relevant to this action.

8. Defendant **LORILLARD TOBACCO COMPANY** (which assumed the assets and liabilities of LORILLARD, INC.) **("LTC")** is a Delaware corporation that conducts business in the State of Florida, including the county in which this lawsuit is being filed, and did so during all times relevant to this action.

9. Defendant **LORILLARD, INC. ("LORILLARD")** is a Delaware corporation that conducted business in every county within the State of Florida, including this county in which this lawsuit is being filed, during all times relevant to this action.

10. Plaintiffs are seeking damages in excess of $75,000.00.

11. Subject matter jurisdiction is proper, pursuant to 28 U.S.C. § 1332.

12. **Cigarette Products**. Decedents purchased, smoked, and were addicted to cigarette products manufactured and sold by Defendants which were the subject of *Engle*. They were designed, manufactured, advertised, marketed, and sold by the Defendants at all times material to these claims.

13. **Common Liability Findings**. Plaintiffs assert the jury findings in the Phase I *Engle* trial which were given **res judicata** effect by the Florida Supreme Court, including but not limited to the following:

    a.    Smoking cigarettes causes aortic aneurysm, bladder cancer, cerebral vascular disease, cervical cancer, chronic obstructive pulmonary disease, coronary heart disease, esophageal cancer, kidney cancer, laryngeal cancer, lung cancer (specifically, adenocarcinoma, large cell carcinoma, small cell carcinoma, and squamous cell carcinoma), complications of pregnancy, oral cavity/tongue cancer, pancreatic cancer, peripheral vascular disease, pharyngeal cancer, and stomach cancer.

    b.    Nicotine is addictive.

    c.    All of the Defendants placed cigarettes on the market that were defective and unreasonably dangerous.

    d.    All of the Defendants concealed or omitted material information not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both.

    e.    All of the Defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment.

    f.    All of the Defendants sold or supplied cigarettes that were defective.

    g.    All of the Defendants were negligent.

    h.    All Defendants sold or supplied cigarettes that, at the time of sale or supply, did not conform to representations of fact made by Defendants.

14. As a direct and proximate result of Decedents' smoking of Defendants' cigarettes, Decedents suffered bodily injury and died. Defendants' cigarettes caused Decedents to develop one or more cigarette-related diseases or medical conditions and one or more of them resulted in or

substantially contributed to Decedents' death. Plaintiffs claim all damages allowed by the Florida Wrongful Death Act (Fla. Stat. §768). As a direct and proximate result of Decedents' deaths, Decedents' survivors have and will suffer: mental and emotional pain, and medical, financial, and funeral expenses. Whether part of a wrongful death or survival claim, Decedents' cigarette-related illness(es) resulted in their sustaining aggravation of previously existing conditions, physical pain and suffering, mental and emotion distress, medical expenses, and shortened life expectancy.

15. Additionally, spouses of the Decedents have suffered the loss of the Decedents' love, affection, support, services, protection, companionship, instruction and guidance, including deprivation of the comfort, society and consortium of their spouse. Decedents' Estates have also suffered a loss of net accumulations, earnings, and medical and funeral expenses.

16. Alternatively, in the event one or more of the Defendants contend that Decedents died of some cause unrelated to smoking cigarettes, Plaintiffs, assert a claim for survival damages pursuant to Section 46.021, *Florida Statutes*, as Decedents suffered injury, disability, physical impairment, disfigurement, mental anguish, loss of earnings, physical, mental, and emotional pain and suffering, loss of enjoyment of life, and medical expense for care and treatment. During the period before Decedents died and in conjunction with an alternative survival claim, Plaintiffs, also assert a loss of consortium claim and allege, as a direct and proximate result of the allegations contained in this Complaint, Plaintiffs or Plaintiffs' Decedents' spouses have suffered and will continue to suffer the loss of services, consortium and care and comfort of Decedents' society because of his/her injuries, disabilities and/or death, and has incurred expenses for medical treatment rendered to Decedents. Additionally, whether part of a wrongful death or survival claim, Decedents' cigarette-related illness(es) resulted in his or her sustaining aggravation of previously existing condition(s), physical pain and suffering, mental and emotional distress, and medical expense.

17. The threshold requirement for pleading punitive damages has been previously met in the *Engle* Phase I proceeding.

## COUNT I – STRICT LIABILITY

18. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

19. As a direct and proximate result of Defendants' defective and unreasonably dangerous cigarettes, Decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

### COUNT II – BREACH OF EXPRESS WARRANTY

20. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

21. As a direct and proximate result of Defendants' breach of express warranty, Decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

### COUNT III – BREACH OF IMPLIED WARRANTY

22. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

23. As a direct and proximate result of Defendants' breach of implied warranty, Decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

### COUNT IV – CIVIL CONSPIRACY TO FRAUDULENTLY CONCEAL

24. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

25. As a direct and proximate result of Defendants' conspiracy to fraudulently deceive, Decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

### COUNT V – FRAUDULENT CONCEALMENT

26. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

27. As a direct and proximate result of Defendants' fraudulent concealment, Decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, punitive damages.

### COUNT VI – NEGLIGENCE

28. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

29. As a direct and proximate result of Defendants' negligence, Decedents were injured and died.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

### COUNT VII - LOSS OF CONSORTIUM

30. The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

31. As a proximate result of smoking the defective cigarettes sold and placed on the market, one or more Defendants caused additional and separate damages to the spouses of the Decedents, for loss of the comfort, companionship, society, support, and services of the respective spouse.

DATED this 21st day of December, 2007.

**WILNER BLOCK, P.A.**

  /Norwood S. Wilner
**Norwood S. "Woody" Wilner**
Florida Bar No.: 222194
**Stephanie J. Hartley**
Florida Bar No.: 0997846
**WILNER BLOCK, P.A.**
3127 Atlantic Boulevard, Suite 3
Jacksonville, Florida 32207
Telephone: (904) 446-9817
Facsimile:  (904) 446-9825

7

**Charlie Easa Farah, Jr.**
Florida Bar No.: 870080
**The Law Firm of Farah & Farah**
10 West Adams Street
Jacksonville, Florida 32202
Telephone: (904) 396-5555
Facsimile:  (904) 358-2424

**Michael A. London**
Federal Court No.: 7510
**Douglas & London, P.C.**
111 John Street, 14th Floor
New York, New York 10038
Telephone: (212) 566-7500
Facsimile:  (212) 566-7501

*Attorneys for Plaintiffs*